In re LEHRENKRAUSS et al.

No. 25564.

District Court, E. D. New York.

Sept. 28, 1935.

Archibald Palmer, of New York City, for trustees.

Silberman & Steinfeld, of Brooklyn, N. Y., for intervening petitioning creditor.

BYERS, District Judge.

This matter is before the court upon examination of the report of the referee dated September 14, 1935, respecting applications:

(a) For ad interim allowances to the trustees.

(b) For ad interim allowance for their attorney.

(c) For ad interim allowance for an attorney representing an intervening petitioning creditor.

(d) Final allowance to accountants employed by the Receivers in Bankruptcy.

(e) Appraisers' fees, in appraising sundry properties for the trustees.

The matters were presented for hearing at a meeting of creditors duly held on September 11, 1935, the proceedings of which are filed with the report.

Considering the foregoing in inverse order, the disposition of each will be:

(e) The appraisers' fees as recommended by the referee at $3,765.00 are approved.

(d) Accountants' final allowance of $3,000.00 is approved.

(c) The application of Isidore M. Silberman for an allowance for services said to have been rendered by him, because he was the attorney for an intervening creditor who was permitted to be joined and made a petitioning creditor by order dated December 8, 1933, was denied by the referee.

The report states that the referee is of the opinion that there is no provision of

the Bankruptcy Act (11 USCA § 1 et seq.) under which the allowance could be made.

■ It is clear that such an application could be entertained only to permit of a showing that services were rendered which contributed to bringing about the adjudication. In re Consolidated Factor's Corporation (C. C. A.) 59 F.(2d) 193. The petition is apparently circumstantial concerning professional assistance said to have been rendered to the attorneys for the petitioning creditors at and in preparation for 21a (11 USCA § 44 (a) hearings held prior to adjudication. As to whether such assistance was rendered, is put in issue by the latter attorney who wrote to the referee on September 6, 1935, on the subject in part: "I wish to state that at no time during these proceedings were Messrs. Silberman and Steinfeld associated with me, directly or indirectly, and no assistance was given to me by said firm. On a few occasions Mr. Silberman spoke to me briefly about the case, during the course of the examinations conducted under section 21a."

The referee is of the opinion that no services were rendered by the petitioner which would entitle him to compensation within the required showing. This opinion may be well founded, but seems to rest upon a letter rather than testimony.

This petitioner should be afforded an opportunity to present evidence in support of his petition, and the trustees will rest under the duty of offering all evidence available to them to the contrary; upon the showing so made the referee will be in a position to present his conclusion in a supplementary report which will be in proper form for review. As to this subject, the report is referred back for further proceedings as indicated.

(b) The ad interim allowance to the trustees' attorney is intended to apply upon account of continuous services of an exacting nature, which have been rendered since January, 1934. This is an administration expense, the final amount of which cannot be finally determined for perhaps another year or two; under the peculiar conditions here shown to exist the ad interim allowance of $15,000.00 is approved.

■ (a) The ad interim allowance to the three trustees of $25,000.00 was generally approved at the said special meeting of creditors, and the referee quite naturally yielded to the suggestions there made.

The problems in this proceeding have been intricate and constant, and the trustees have so advanced the liquidation of the estate in bankruptcy as to gain the approval of all who have had occasion to deal with them.

If the application could be disposed of upon grounds of natural fairness and justice, it would be approved with satisfaction, but the Bankruptcy Act is thought not to admit of such construction.

Section 48a (tit. 11 U. S. C. § 76 (a), 11 USCA § 76 (a) opens with the statement that "Trustees shall receive for their services, payable after they are rendered, * * * such commissions on all moneys disbursed. * * *"

This has been construed literally in Re Wallace (D. C.) 14 F.(2d) 534 and in Re Stephens & Co. (D. C.) 30 F.(2d) 725, and no authority to the contrary has been found by the court.

There is no showing here as to moneys disbursed.

It seems a hardship that competent persons intrusted by the creditors with so considerable a task as the administration of this estate must wait years for their remuneration, which will be modest enough at best. If the court did not deem itself constrained to the contrary, the report in this respect would be confirmed, but that does not seem to be possible.

If this view is mistaken, correction on appeal should be possible upon an abbreviated record. The trustees will settle an order disposing of the report as indicated, upon two days' notice.